IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                          Case Nos.: 1:14cr25/MW/MAL
                                                       1:22cv309/MW/MAL

COREY LAWAYNE MOSLEY,
    Reg. No. 23131-017
    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Defendant Corey Lawayne Mosley initiated this action by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Doc. 131. The motion was dated October 30, 2022 and docketed on November 8, 2022. Defendant's motion, which was lightly written in pencil, was virtually illegible when entered on the electronic docket. Therefore, on November 15, 2022, this Court entered an order directing Defendant to file a legible amended § 2255 motion on or before December 15, 2022. Doc. 134. Defendant was warned that failure to comply would result in a recommendation that his § 2255 motion be dismissed.

Defendant did not respond, and on January 11, 2023, the undersigned entered an Order to Show Cause why this case should not be dismissed for Petitioner's failure to comply with a court order. Doc. 135. The order provided that the show cause order would be discharged if Defendant complied with the November 15, 2022

order within the fourteen days provided. Defendant was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, the deadline has elapsed and Defendant still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of his case, the motion should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 131) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 31, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## **<u>NOTICE TO THE PARTIES</u>**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.