UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   Case Nos.: 1:14cr25/MW/MAL
             1:22cv309/MW/MAL

COREY LAWAYNE MOSLEY,
    Defendant.

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's second amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 167. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, including supplemental submissions, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND DISCUSSION

On November 3, 2016, Defendant was sentenced to a term of 240 months' imprisonment after he pleaded guilty to a single count Sex Trafficking by Coercion.

ECF No. 110. Counts Two through Five were dismissed on the Government's motion in accordance with Defendant's plea. ECF Nos. 71, 111, 112. Judgment was entered on November 6, 2016. ECF No. 113, 114.

On October 29, 2015, before Defendant entered his plea, a psychiatric evaluation was conducted, following which the examiner concluded Defendant was "certainly Competent to Proceed." ECF No. 77 at 6. The report was made part of the record on December 31, 2015, before the preparation of Defendant's Presentence Investigation Report (PSR), and some of the contents are incorporated into the PSRs. ECF No. 80, 84, 101, 116.

Defendant did not appeal, but he filed several motions with the court before pursuing § 2255 relief. In January of 2017, he sent a letter to the court seeking assistance getting credit for time he believed he was due for time served in jail. ECF No. 118. In July of 2018 he sent a letter requesting appointment of counsel to assist him in getting the Government to file a Rule 35 motion due to his cooperation with law enforcement. ECF No. 123. In April of 2020 Defendant filed a "Motion for Sentence Correction" in which he discussed the interplay of his state and federal sentences and how the federal sentence should be served. ECF No. 125. Finally, in August of 2021 he filed a "Petition to Modify Sentencing of Commitment Order." ECF No. 127. The district court denied each of the motions.

It was not until October 30, 2022[1] that Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 along with a supporting memorandum of law. ECF Nos. 131, 132. Defendant's motion, which was written in light pencil, was completely illegible when scanned into the Court's electronic docketing system. Therefore, on November 15, 2022, the Court directed him to file an amended motion using blue or black ink. ECF No. 134. Defendant did not respond either to that order or a subsequent order to show cause, and the undersigned recommended the motion be dismissed without prejudice. ECF Nos.135, 136. The district court adopted this recommendation, but it later vacated that order after Defendant filed a Motion to Reopen in March of 2023. *See* ECF Nos. 137, 138, 142, 145, 153.

In April of 2023, Defendant sought the return of his original § 2255 submissions, but his motion was denied because the 90-day document retention period had elapsed. ECF No. 153. He then filed a "Petition-Motion Requesting

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Counsel due to Extreme Mental Health Background and a 90-day Extension in Regards to 28 U.S.C. § 2255 Motion Filed." ECF No. 158. The district court denied that motion on April 25, 2023. ECF No. 159.

On May 1, 2023, the clerk received Defendant's amended § 2255 motion, dated April 26, 2023. ECF No. 162. The motion included four clearly labeled grounds for relief. There was an additional written narrative included on the portion of the § 2255 form designated to address timeliness. The narrative was neither labeled as a separate ground for relief nor directly pertinent to the issue of timeliness. Therefore, on May 5, 2023, the Court ordered Defendant to file a second amended motion "that directly addresses the timeliness issue and clearly labels all grounds for relief," was clearly and legibly written, and contained all the grounds and arguments he wished to present. ECF No. 163 at 2, 3. The order cited § 2255(f) and the various ways the one-year time limitation is calculated as well as case law relevant to the issue of equitable tolling.

On June 7, 2023, after Defendant filed a notice of change of address, the Court sua sponte directed the order be remailed to Defendant at his new address and extended the time for him to comply. ECF No. 166.

The clerk received Defendant's second amended motion on June 20, 2023. The second amended motion is the operative pleading before the Court. Therein,

Defendant again identifies four grounds for relief, although not the same grounds he raised previously.[2] More importantly, notwithstanding the Court's explicit instructions, Defendant's response to question 18 in his second amended motion is no clearer than his response to that question in his previous amended motion. ECF No. 167 at 12. Defendant again states his attorney never mentioned an appeal, never advised him of his right to appeal and never gave him a chance at an appeal, and counsel stopped answering Defendant's calls and letters after sentencing, without relating these allegations to the timeliness of the instant § 2255 motion. Defendant asserts in the motion he was not in the right state of mind to do "it" (presumably pursue an appeal) on his own after over two years without his medication, and he again references "'all' of [his] rights being violated in 'Rule 6.'" *Id.*

This submission contains no basis for the Court to find the § 2255 motion was timely filed. Rather than dismiss the motion at that juncture, the Court offered

---

[2] Ground One is a claim of "insufficient counsel" in which Defendant complains (1) his attorneys "had no prior experience in sex-trafficking of adult women," (2) none of his attorneys filed appropriate motions about the violation of his "Rule 6" rights, and (3) attorney Thomas Edwards told him not to take his needed psych medication or go for a full mental health evaluation. ECF No. 167 at 4. In Ground Two, Defendant claims he was denied his right to a fair trial when he was placed in county jails with no law library where he sat for 9 months without a visit from his then-attorney Thomas Edwards. *Id.* at 5. Ground Three is labeled "Racism." *Id.* at 7. Defendant claims he was "given three white attorneys" who all tried to get him to go to trial "knowing no one had ever beat an adult sex-trafficking charge in trial or on appeal." *Id.* In Ground Four, which is labeled "Insufficient Counsel 2," Defendant claims he pleaded guilty only because attorney Edwards advised him if he cooperated with the Government he would receive the 15-year minimum mandatory sentence instead of the 20 year sentence he received. *Id.* at 8.

Defendant a final opportunity to address the issue of timelines. The order warned him that failure to respond or failure to present a basis for finding the motion was timely filed would result in dismissal. ECF No. 168.

In response to the Court's order, Defendant filed a pleading titled "Motion to Prove Unavoidable Timeliness." ECF No. 169. In support of his position, Defendant again focuses on counsel's failure to file a direct appeal, which has tangential bearing, if any, on the issue of timeliness. He also points out references to his mental health issues at sentencing (*see* ECF No. 164), and he claims he was not given "his proper medication for two more years after sentencing." ECF No. 169 at 3.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's Judgment of Conviction was entered November 9, 2016, ECF No. 116. His original § 2255 motion was dated October 30, 2022, nearly six years later.

Defendant's motion is undeniably untimely. Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred, and subject to dismissal. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. Defendant has not met his burden in this case.

While the Court is not unsympathetic to Defendant's documented mental health issues, upon full examination of the record, Defendant's mental health history does not provide sufficient basis to excuse the untimely filing of his § 2255 motion.

First, the Court has reviewed Defendant's sentencing transcript (ECF No. 164) and does not find the references therein to Defendant's mental health issues to be dispositive of the question of his capacity to pursue post-conviction relief,

particularly after a psychologist found him "certainly competent to proceed." ECF No. 77. Counsel stated at sentencing he did not believe there to be an insanity issue or competency issue, but noted that various factors, including Defendant's alcohol and drug abuse, could have adversely affected Defendant's ability to conform himself to the law. ECF No. 164 at 14.

Second, this is not a situation where Defendant's motion was filed weeks, months, or even within a year or two after sentencing. Rather, Defendant's original motion was filed nearly **six years** after his conviction became final, after he had filed various other motions.

In that vein, this is not a situation where Defendant can claim he was so mentally incapacitated that he was unaware of his legal situation or any of his rights. As noted above, he filed numerous motions with the court since his conviction, seeking credit for time served in jail, counsel to assist him in obtaining a Rule 35 motion, and clarification of the interplay of his state and federal sentences. ECF Nos. 118, 123, 125. Based on the nature of his filings and the complexity of the issues raised therein, any claims of incapacitation simply are not credible.

Finally, because of different handwriting and inclusion of case citations, it appears that at least once Defendant has had the assistance of another individual in preparing his submissions. *See* ECF No. 127. There is no record evidence that he

was ever prevented from seeking such assistance in filing a timely § 2255 motion at any point.

In conclusion, the Court finds Defendant has not shown a basis for excusing the untimely filing of his § 2255 motion. The § 2255 motion should be summarily dismissed, and the remaining motions denied as moot.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Second Amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 167) be summarily DENIED and DISMISSED as untimely.

2. A certificate of appealability be DENIED.

3. Defendant's "Motion to Prove Unavoidable Timeliness" (ECF No. 169) and "Motion Requesting Immediate Counsel to Assist with the Filing of a 28 U.S.C. § 2255 Motion" (ECF No. 170) be DENIED as MOOT.

At Gainesville, Florida on August 9, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge